FILED

2005 Jul-20  PM 05:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **NATIONWIDE MUTUAL FIRE,** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: **CV-04-PT-0598-M** |
| | ) | |
| **GYP McKEE, MARY LOU McKEE,** | ) | |
| **and ROBERT BRIAN COLVIN,** | ) | |
| | ) | |
| Defendants. | ) | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The parties have stipulated the facts which are attached hereto. The parties have agreed (see recorded discussion of July 15, 2005) that the trail scheduled for July 18, 2005 is not necessary, and that the court can decide the case on the agreed upon facts as if a trial had been held. The court will not repeat these stipulated facts.

### CONCLUSION OF LAW

Unlike many insurance policies, including those referenced in the cited cases relied upon by the plaintiff, the subject policy makes no express reference to lawsuits against the policyholders and a requirement to report the same. There is only an ambiguous reference to "documents relating to the accident or occurrence."

Further, while paragraph a. under "Duties after loss"[1] refers to notice "as soon as practicable," paragraph b., with reference to documents, does not mention a time.

Further, this court does not find that the time when the plaintiff was notified was

_____

[1] There is no reference to duties after lawsuit.

1

unreasonable under the circumstances.  There has been no prejudice to the plaintiff.  The plaintiff was well-advised of all the facts and that Colvin had an attorney.

The court attaches hereto the legal arguments of the parties.  The court concludes that, construing the ambiguities against the plaintiff, plaintiff's claims lack merit.  This action will be dismissed with prejudice.

This _____ of July, 2005.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

# HARE, CLEMENT & DUCK, P.C.

### A PROFESSIONAL CORPORATION

### LAWYERS

LYNN HARE PHILLIPS □
KORI L. CLEMENT•
T. SAMUEL DUCK•
VANN A. SPRAY•
AARON B. THOMAS•
LAURA SIDWELL MAKI•
——————

SUITE 1500, AmSOUTH · HARBERT PLAZA
1901 SIXTH AVENUE NORTH
BIRMINGHAM, ALABAMA 35203-2618
TELEPHONE (205) 322-3040
FACSIMILE (205) 322-5577
E-MAIL: hc@harelaw.com

OF COUNSEL
    STEPHANIE WHITE SCHMIDT◊

□ADMITTED IN MISSISSIPPI AND ALABAMA
•ADMITTED IN CALIFORNIA AND ALABAMA
•ADMITTED IN ALABAMA
◊ADMITTED IN MISSOURI AND ALABAMA

July 7, 2005

***Via Hand Delivery***
The Honorable Robert B. Propst
United States District Court Judge
Northern District of Alabama
1729 5th Avenue North
Birmingham, Alabama 35203

> RE:   Nationwide Mutual Fire Insurance Company
> vs. Mary Lou McKee, Gyp McKee and Robert
> Brian Colvin
> Civil Action No.:        CV-04-PT-0598-M
> HC&D File No.:                  111-01280

Dear Judge Propst:

Pursuant to the Court's Addendum to Pretrial Order, this letter will set forth the plaintiff's information as required pursuant to the Addendum.

### 1.   **A listing of the essential elements of the plaintiff's claims:**

On or about October 18, 2000, defendant Robert Brian Colvin ("Colvin") was allegedly injured while moving a three hundred pound shelf at the home of his aunt and Nationwide insured, defendant Mary Lou McKee ("McKees"). Colvin brought suit against the McKees for personal injuries suffered in connection with the accident at defendants' McKees' residence. On March 22, 2004, Nationwide brought the instant declaratory judgment action to determine the parties' rights and duties under the McKees' Nationwide homeowners policy.

Nationwide claims that the McKees are not entitled to coverage because they failed to comply with the policy provisions.

Specifically, the Golden Blanket Homeowners Policy issued to defendant Mary Lou McKee provides that in case of a loss, she must do the following:

The Honorable Robert B. Propst
July 7, 2005
Page Two

**Duties after loss**.

In case of an accident or occurrence, the insured will perform the following duties that apply.  He will cooperate with us in seeing that these duties are performed:

 a. give notice to us or our agent as soon as practicable setting forth:

 (1) identity of the policy and insured.
 (2) the time, place, and facts of the accident or occurrence.
 (3) names and addresses of the claimants and witnesses.

 b. Forward to us every document relating to the accident or occurrence.

[Golden Blanket Homeowners Policy, Section II - Conditions, p. 13]  The homeowners policy defines "occurrence" as "bodily injury or property damages resulting from an accident, including continuous or repeated exposure to the same general condition." [Golden Blanket Homeowners Policy, Definitions, as Amended in Amendatory Endorsement 3191-A, p. 1]  Additionally, the homeowners policy states that "no action can be brought against us unless there has been compliance with the policy provisions." [Golden Blanket Homeowners Policy, Section II – Conditions, p. 14]

The failure of the insured to comply within a reasonable time with a provision in an insurance policy requiring the forwarding of suit papers "release[s] the insurer from the obligations imposed by the contract, although no prejudice may have resulted." Standifer v. Aetna Casualty and Surety Co., 319 F. Supp. 1385 (N.D. Ala. 1970); American Fire and Casualty Co., v. Tankersley, 270 Ala. 126, 116 So. 2d 579 (1959).

In the instant case, the McKees never forwarded the suit papers each received from Colvin in the underlying suit. The length of the delay between the dates the McKees received service and Nationwide's notice of service was approximately nine months, a delay that is unreasonable under Alabama law.

Under Alabama law, the requirement of forwarding of suit papers received by an insured contained in the Golden Blanket Homeowners Policy is a condition precedent to the insured's recovery under the insurance policy.  *See* Safeway Ins. Co. of Ala. v. Bailey, 748 So. 2d 218 (Ala. Civ. App. 1999).

The Honorable Robert B. Propst
July 7, 2005
Page Three

     2.      **A listing of the essential elements of the defendants' defenses.**

The defendants contend that they are relieved from complying with the policy provisions because they were not told by Nationwide that they had to do what their policy stated. The defendants admitted that they waited over nine (9) months before notifying Nationwide of the lawsuit, but that Nationwide was not prejudiced.

     3.      **A listing of the essential elements of the defendants' counterclaims.**

There are no counterclaims in this action.

     4.      **A listing of any special evidentiary or other anticipated legal issues.**

Plaintiff is not aware of any such issues in this case.

Should Your Honor need anything further, please advise.

           Respectfully submitted,

           HARE, CLEMENT & DUCK, P.C.

           Kori L. Clement

KLC/jak

## JAMES L. O'KELLEY
### ATTORNEY AT LAW

300 PARK PLACE TOWER
2001 PARK PLACE NORTH
BIRMINGHAM, ALABAMA 35203

TELEPHONE: 205.252.9551
FACSIMILE: 205.581.8022
www.lawyers.com/okelley
EMAIL: jlokelley@lawyer.com

JAMES L. O'KELLEY

July 14, 2005

VIA HAND DELIVERY
Honorable Robert B. Propst
United States District Court
Hugo Black Federal Courthouse
1729 5th Avenue North
Birmingham, AL 35203

Re:     Nationwide Mutual Fire Insurance Company vs. McKee, et al
        Civil Action No.:     04-PT-0598-M

Dear Judge Propst:

Pursuant to this court's directive of July 11, 2005, this letter represents the response of
defendants Gyp McKee and Mary Lou McKee to the plaintiff's letter of July 7, 2005.

The facts surrounding this dispute are quite simple: The McKee's nephew, Brian Colvin, was
injured at their residence in October, 2000. The McKees' homeowners insurance was with
Nationwide. One day after the incident, specifically, on October 19, 2000, the McKees gave
notice of the incident to their Nationwide agent, Randy Jones. Nationwide assigned the case to
an adjuster, who met with the McKees and ultimately informed them that they found no liability
or negligence on the part of the McKees and that Nationwide was denying the claim, but paying
$1,000.00 in available medical payments. Later, Nationwide reassigned the claim to another
adjuster, who had extensive contact thereafter with the McKees and with Colvin's attorney, who
ultimately informed Nationwide that suit would be filed. From the original contact with the
agent on October 19, 2000, the McKees were of the opinion that Nationwide "would be taking
care of everything". Colvin filed suit almost two years after the incident, and the McKees were
served. Interrogatories were served with the Summons and Complaint, which directed that the
McKees needed to answer within thirty days. The McKees truthfully answered the
interrogatories and, per their understanding of the instructions, submitted their answers to
Colvin's attorney. Later, Gyp McKee, in response to correspondence received from Colvin's
attorney's office, contacted the Nationwide attorney to see what was going on and to ascertain
why he was still receiving letters concerning the incident, and as a result of this telephone call,
Nationwide purportedly received notice of the complaint. This was nine months after suit was
filed. Thereafter, Nationwide assigned, at various times, two separate groups of lawyers to

defend the McKees in the lawsuit brought by Colvin, and eight months after sending the Colvin's a reservation of rights letter, this declaratory judgment action was filed by Nationwide.

The homeowners policy issued to Mary Lou McKee provides that in case of a loss, the obligations of the insured are as follows:

> **"Duties after <u>loss</u>.** (emphasis ours)
>
> In case of an <u>accident or occurrence</u>, the insured will perform the following duties that apply. He will cooperate with us in seeing that these duties are performed:
>
> > a. Give notice to us or our agent as soon as practicable setting forth:
> >
> > > (1) Identity of the policy and insured.
> > > (2) The time, place and facts of the accident or occurrence.
> > > (3) Names and addresses of the claimants and witnesses.
> >
> > b. Forward to us every document relating to the accident or occurrence."
>
> (all emphasis ours)

The homeowners policy defines "occurrence" as "bodily injury or property damages resulting from an accident, including continuous or repeated exposures to the same general condition. The occurrence must be during the policy period." (Golden Blanket Homeowners Policy, Definitions as amended by Amendatory Endorsement 3191-A, Page 1). The terms "accident" and "loss" are not defined in the policy.

Defendants first contend that they complied with the applicable provisions of the policy, as worded. Within one day of the occurrence, the McKees gave notice to Nationwide of the accident/occurrence. Obviously, this was done "as soon as practicable" as required by that part of the policy requiring notice to the agent of the items listed under sub-paragraph a. of Duties after Loss. Further, it should be noted that at no time does the policy mention any duties which apply <u>after suit is filed or upon receipt of suit papers</u>. All the policy says, in sub-paragraph b under Duties of Loss, is that the insured "forward to us every document relating to the accident or occurrence." Suit is not mentioned, nor is there any time limit specified in sub-paragraph b. for such forwarding. As worded, the McKees did exactly what the policy required of them. An elementary rule of law is that contracts are always construed most strongly against the maker. <u>Martin vs. Leob</u>, 349 So.2d 9 (1977).

In this regard, it is interesting to note that in virtually every case cited by the plaintiff, the insurance contract specifically makes reference to duties after receipt of legal process.

"If claim is made <u>or suit is brought</u> against the insured, the insured shall immediately forward to this company..." is the policy language applied in <u>Southern Guaranty Insurance Company vs. Thomas</u>, 334 So.2d 879 (1976). "<u>If claim is made or suit is brought</u> against the insured, he shall

immediately forward to the company..." is found in Standifer vs. Aetna Casualty and Surety Company, 319 F.Supp. 1385 (1970). The terminology of the policy in the instant case is non-existent with regard to obligations in the event of suit and is at best ambiguous with regard to whether notice to the insurance company in the event of a lawsuit is the equivalent of forwarding to the company "every document relating to the accident or occurrence". Further, even if such were found to be equivalent, there is no time frame stated for when such forwarding of documents should take place. As stated by the Supreme Court of Alabama in American Fire and Casualty Company vs. Tankersley, 116 So.2d 579 (1959), "The rule established by the great weight of authority is that where, as in the policy involved in this case, notice of the accident and forwarding of any demand, notice, summons or other process are specifically made a condition precedent to any action against the insured, the failure to give a reasonably timely notice of the accident or of the receipt of any demand, notice, summons or other process will release the insurer from the obligations imposed by the contract..." (116 So.2d at 582). Such is simply not the case with the policy here. (emphasis added).

Finally, even if it were found that notice of the receipt of suit papers or other legal process must be made within a specified time period pursuant to the terms of the instant policy, it is clear that the McKees acted reasonably under the circumstances. They were left with the impression that Nationwide would be "taking care of everything". They had face to face and telephone contact with the Nationwide adjusters prior to suit being filed, and were aware that Nationwide was in direct contact with Colvin's attorney concerning the matter. Their assumption that Nationwide would receive notice of the lawsuit was reasonable under the circumstances, and it was only after they heard nothing from Nationwide that they prompted inquiry to find out what was going on.

Finally, the court has asked the defendants to distinguish the case of Safeway Insurance Company of Alabama vs. Bailey, 748 So.2d 218 (Ala. Civ. App. 1999), cited by plaintiff, from the facts of this case. Such is really rather simple. In Safeway, a judgment had been entered against the defendant prior to defendant giving notice to Safeway of the suit. As stated by the court in Safeway, "Safeway never had the opportunity to control the litigation, because a judgment had been entered before Safeway had knowledge that a lawsuit had been filed." (748 So.2d at 218). In the instant case, the underlying suit by Colvin against the McKees has been pending for almost three years, and Nationwide, through two different groups of lawyers at various times, has defended the suit for all but nine months of that time, and that suit is still pending. Surely, Nationwide has been in position to "control the litigation".

Further, plaintiff makes this statement in its July 7, 2005 letter: "Under Alabama law, the requirement of forwarding of suit papers received by an insured contained in the Golden Blanket Homeowners Policy is a condition precedent to the insured's recovery under the insurance policy. See Safeway Insurance Company of Alabama vs. Bailey, 748 So.2d 218 (Ala. Civ. App. 1999)." Safeway doesn't say that. Nor does Safeway say that that case is predicated on a Golden Blanket Homeowners Policy as was issued to the McKees in the instant case. What the court does say in Safeway, by referring to Watts vs. Preferred Risk Mutual Insurance Company, 423 So.2d 171 (Ala. 1982), is that, "The court noted that the insurance policy contained a provision requiring that, as a condition precedent to any action on the policy, a copy of the suit papers be forwarded

immediately to Preferred Risk.  <u>The purpose of this provision is to afford the insurer an opportunity to control litigation.</u>"  (emphasis ours)  The policy in the instant case makes no reference to duties in the event suit is filed or duties in the event suit papers are received.  It simply makes reference to "duties after loss", and there are no time restrictions placed on the insured's duty after loss to "forward to us every document relating to the accident or occurrence."

Finally, plaintiff has stated in its July 7, 2005 letter that, "Additionally, the homeowners policy states that "no action can be brought against us unless there has been compliance with the policy provisions.", citing the Golden Blanket Homeowners Policy, Section H-conditions, page 14.  That provision is entitled "Suit against us".  "Us" is obviously Nationwide, not the McKees, who are the "insured", and against whom the underlying action was brought.  That provision simply has nothing to do with this case.  It applies to actions against Nationwide.

With kindest personal regards, I am

Very truly yours,

James L. O'Kelley

cc:    Kori Clement (by facsimile transmission)
       Bill Davis (by facsimile transmission)

# DAVIS & ASSOCIATES, P.C.

WM. DOWSING DAVIS, III
JANE A. DAVIS
EARL J. REUTHER

ATTORNEYS AT LAW
2213 MORRIS AVENUE, SUITE 200
BIRMINGHAM, AL 35203

TOLL FREE
1-800-772-8009

FACSIMILE
1-205-324-9188

205-324-9100

July 14, 2005

<u>VIA HAND DELIVERY</u>

Honorable Robert B. Propst
United States District Court Judge
Northern District of Alabama
1729 5th Avenue North
Birmingham, AL 35203

Re:     Nationwide Insurance vs. McKee, et al

Dear Judge Propst:

I received a copy of the Plaintiff's letter of July 7, 2005 and your request to respond to the letter. All the cases in her letter were used by the Plaintiff in its Motion for Summary Judgment and was responded to by the defendants in their oppositions to the motion and you ruled on the Plaintiff's motion by denying it.

But in response to the Plaintiff's letter the defendant, Robert Brian Colvin, would show that the part of the policy that is in dispute is the following part:

3.    Duties after Loss. In case of an accident or occurrence, the insured will perform the following duties that apply. You will cooperate with us in seeing that these duties are performed:

A.    Give notice to us or our agent as soon as practicable setting forth:
(1) identity of the policy and insured.
(2) the time, place, and facts of the accident or occurrence.
(3) names and addressed of the claimants and witnesses.

B.    Forward to us every document relating to the accident or occurrence.

Honorable Robert B. Propst
July 13, 2005
Page Two

The facts regarding the defendants, Gyp and Mary Lou McKee complying with these
provisions were shown as follows:

      A.     Give notice to us or our agent as soon as practicable setting forth:
               (1) identity of the policy and insured.
               (2) the time, place, and facts of the accident or occurrence.
               (3) names and addressed of the claimants and witnesses.

The above items were done as shown by Nationwide's adjuster, R. Dale Turner who in his
deposition on page 22 and by the Nationwide Agent, Randy Jones, on page 16 of his
deposition that the notice was given on October 19, 2000 for the October 18, 2000
accident. This was done and even statements were taken by Nationwide from the
defendants, McKees, as shown by R. Dale Turner's deposition on page 22 as follows:

      Q.     And the first duty which is under A is give notice to us or our agents
             as soon as practicable setting forth, and then it lists one, two and
             three. Identity of the policy and insured; the time place and facts of
             the accident or occurrence; names and addresses of the claimants
             and witnesses; is that correct?
      A.     Yes.
      Q.     And to your knowledge was that done?
      A.     Yes

(B) Was done also as the deposition of R. Dale Turner on page 22 of his
deposition:

      Q.     (BY MR. DAVIS) Did Nationwide ever receive a copy of the suit?
      A.     After July 8th, 2003.
      Q.     Yeah. I understand, but after y'all, received a copy; is that correct?
      A.     After, yeah.

So the only question is; Did the fact that Defendants and policy holders, Gyp & Mary Lou
McKee got sued on October 15, 2002 and did not notify the Plaintiff until July 8, 2003 of
the suit, by law nullify their coverage with Nationwide for the accident of October 18, 2000.
In this case co-defendant, Robert Brian Colvin,  took no default nor any action between
October 15, 2002 and July 8, 2003 by the plaintiff, (Robert Brian Colvin), in the underlying
suit against the McKees so the delay did not prejudice or interfere with Nationwide's right
to control the litigation.

Honorable Robert B. Propst
July 13, 2005
Page Three


In the letter the plaintiff, Nationwide,  cites three cases but regretfully for the Plaintiff they do not apply to the present facts.

(1) **Standifer** – was a U.M. case involving facts where the insured did not notify her company of her suit against the uninsured and she took a  default and judgment for money damages against the uninsured and it was not until sixteen (16) months after the said default did she notify her insurance company.  The policy in Standifer  had an adjective before notify as it stated "he shall **immediately** forward to the company every...".

(2) **American Fire** deals with a case where the insurer did not notified the insurance carrier of the accident, until ten (10) months after the accident and after suit was filed. The policy stated the following "as a condition precedent thereto..."  That there would be no coverage unless all provisions were followed and one provision being "notice as soon as
practicable".  The policy in this case does not make it a "condition precedent" nor is there an adjective before notice in regards to papers.  The only thing that mentions papers does not have a time limit or adjective under Section B.


And finally, **Safeway** does not apply as a default judgment was taken by the Plaintiff against the insureds' insurance company. Notice was not given until the Plaintiff filed a garnishment to collect on the judgment against the insurance company.  The Court stated that the reason there was no coverage was because Safeway could not control the litigation; as stated by the Court. "Safeway never had the opportunity to control the litigation, because a judgment had been entered before Safeway had knowledge that a lawsuit had been filed...Accordingly, we reverse the judgment and remand the case for further proceedings."


Nothing could be further from the truth in this case.  Attached is a copy of the case action summary of Colvin v. McKee to show that the attorney hired by Nationwide is controlling the litigation as required by Safeway.  Also on the list of witnesses by the Plaintiff, Nationwide, there is none listed to show any harm to Nationwide nor any inability of the attorneys hired by Nationwide to control the litigation thus Safeway does not apply.

Sincerely,

William D. Davis, III


Enclosures



*alacourt.com's*

*Alabama SJIS Case Detail*

| Settings | Parties | Case Action Summary | Witness List | Financial | Images |
|---|---|---|---|---|---|

| Case | | | | | | | |
|---|---|---|---|---|---|---|---|
| County | 73 | Case Number | ●CV 2002 200206 00 | JID | DJE | Trial | J |
| Style | ROBERT BRIAN COLVIN V GYPE MCKEE, ET AL | | | | | | |
| Code | TONG | Type | NEGLIGENCE-GENERAL | Filed | 10152002 | Track | STANDARD |
| Amount | | Status | MEDIATIO | Plaintiffs | 001 | Defendants | 002 |
| DJID | | Court Action | 00000000 | | | For | |
| Damages-Comp | | Damages-Pun | | Damages-Gen | | No Damages | |
| Trial Days | 0847 | Lien | | | | | |

| Settings | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date 1 | 07082004 | Que 1 | 002 | Time 1 | 0115 P | Description | PTRC PRETRIAL CONFERENCE |
| Date 2 | 07132005 | Que 2 | 001 | Time 2 | 0700 A | Description | REVW PULL DATE |
| Date 3 | | Que 3 | | Time 3 | | Description | |
| Date 4 | | Que 4 | | Time 4 | | Description | |
| Cont Date | | Why | | | | Cont # | |
| RevJmt | | Admin Date | | Why | | | |
| Appeal Date | | CRT | | Case | 0000 000000 00 | | |
| TBNV1 | | TBNV2 | | DSDT | | DTYP | |
| Comment 1 | | | | | | | |
| Comment 2 | | | | | | | |

| Party 1 | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party | C 001 | Name | COLVIN ROBERT BRIAN | | | Type | INDIVIDUAL |
| INDX | D/MCKEE | ANAM | | | | JID | DJE |
| SSN | | Address 1 | | | | Sex | |
| DOB | | Address 2 | | | | Race | |
| Country | US | City | AL 00000 0000 | | | Phone | 256 000 0000 |
| Atty 1 | DAVIS WILLIAM D III | Atty 2 | | Atty 3 | | Atty 4 | |
| Atty 5 | | Atty 6 | | | | | |
| Issued | | Type | | Reissue | | Type | |
| Return | | Type | | Return | | Type | |
| Service | | Type | | Serv On | | By | |
| Answer | | Type | | NS Not | | NA Not | |
| Warrant | | Type | | Arrest | | | |
| CACT | | Date | | For | | Exep | O |
| AMT | | Cost | | Other | | Satisfied | |
| Comment | | | | | | | |

| Party 2 | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party | D 001 | Name | MCKEE GYP | | | Type | INDIVIDUAL |
| INDX | C/COLVIN | ANAM | | | | JID | DJE |
| SSN | | Address 1 | 606 NORWOOD AVENUE | | | Sex | |
| DOB | | Address 2 | | | | Race | |
| Country | US | City | ALBERTVILLE AL 35950 0000 | | | Phone | 256 000 0000 |
| Atty 1 | GAINES RALPH D III | Atty 2 | MOAK ANDREW JOSEPH | Atty 3 | | Atty 4 | |
| Atty 5 | | Atty 6 | | | | | |
| Issued | 10152002 | Type | C CERTIFIED MAI | Reissue | | Type | |
| Return | | Type | | Return | | Type | |
| Service | 10182002 | Type | C CERTIFIED MAI | Serv On | | By | |
| Answer | 07152003 | Type | D COMP DENIED | NS Not | | NA Not | 01232003 |
| Warrant | | Type | | Arrest | | | |

| CACT | | Date | | For | | Exep | O |
|---|---|---|---|---|---|---|---|
| AMT | | Cost | | Other | | Satisfied | |
| Comment | | | | | | | |

**Party 3**

| Party | D 002 | Name | MCKEE MARY LOU | | | Type | INDIVIDUAL |
|---|---|---|---|---|---|---|---|
| INDX | C/COLVIN | ANAM | | | | JID | DJE |
| SSN | | Address 1 | 606 NORWOOD AVENUE | | | Sex | |
| DOB | | Address 2 | | | | Race | |
| Country | US | City | ALBERTVILLE AL 35950 0000 | | | Phone | 256 000 0000 |
| Atty 1 | GAINES RALPH D III | Atty 2 | MOAK ANDREW JOSEPH | Atty 3 | | Atty 4 | |
| Atty 5 | | Atty 6 | | | | | |
| Issued | 10152002 | Type | C CERTIFIED MAI | Reissue | | Type | |
| Return | | Type | | Return | | Type | |
| Service | 10212002 | Type | C CERTIFIED MAI | Serv On | | By | |
| Answer | 07152003 | Type | D COMP DENIED | NS Not | | NA Not | 01232003 |
| Warrant | | Type | | Arrest | | | |
| CACT | | Date | | For | | Exep | O |
| AMT | | Cost | | Other | | Satisfied | |
| Comment | | | | | | | |

**Case Action Summary**

| Date | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 10152002 | 1507 | FILE | FILED THIS DATE: 10/15/2002 (AV01) | WIC |
| 10152002 | 1507 | ORIG | ORIGIN: INITIAL FILING (AV01) | WIC |
| 10152002 | 1507 | TDMJ | JURY TRIAL REQUESTED (AV01) | WIC |
| 10152002 | 1507 | ASSJ | ASSIGNED TO JUDGE: DAVID J. EVANS, JR. (AV01) | WIC |
| 10152002 | 1507 | STAT | CASE ASSIGNED STATUS OF: ACTIVE (AV01) | WIC |
| 10152002 | 1507 | PART | COLVIN ROBERT BRIAN ADDED AS C001 (AV02) | WIC |
| 10152002 | 1507 | ATTY | LISTED AS ATTORNEY FOR C001: DAVIS WILLIAM D III | WIC |
| 10152002 | 1526 | PART | MCKEE GYP ADDED AS D001 (AV02) | WIC |
| 10152002 | 1526 | SUMM | CERTIFIED MAI ISSUED: 10/15/2002 TO D001 (AV02) | WIC |
| 10152002 | 1526 | PART | MCKEE MARY LOU ADDED AS D002 (AV02) | WIC |
| 10152002 | 1526 | SUMM | CERTIFIED MAI ISSUED: 10/15/2002 TO D002 (AV02) | WIC |
| 10152002 | 1526 | CASP | CASE ACTION SUMMARY PRINTED (AV02) | WIC |
| 10152002 | 1526 | CASP | CASE ACTION SUMMARY PRINTED (AV02) | WIC |
| 10232002 | 0905 | SERC | D001 SERVED CERTIFIED MAIL ON 10/18/2002 | CHW |
| 10232002 | 0905 | SERC | D002 SERVED CERTIFIED MAIL ON 10/21/2002 | CHW |
| 01232003 | 0000 | NANS | NO ANSWER NOTICE ISSUED TO D001 | CHW |
| 01232003 | 0000 | NANS | NO ANSWER NOTICE ISSUED TO D002 | CHW |
| 07172003 | 1004 | ATTY | LISTED AS ATTORNEY FOR D001: ESPOSITO KELLIE PAYN | CHW |
| 07172003 | 1004 | ANSW | ANSWER OF COMP DENIED ON 07/15/2003 FOR D001(AV02) | CHW |
| 07172003 | 1004 | ATTY | LISTED AS ATTORNEY FOR D002: ESPOSITO KELLIE PAYN | CHW |
| 07172003 | 1004 | ANSW | ANSWER OF COMP DENIED ON 07/15/2003 FOR D002(AV02) | CHW |
| 09172003 | 1241 | TRAC | CASE ASSIGNED TO: STANDARD TRACK (AV01) | CHW |
| 09172003 | 1241 | DAT2 | SET FOR: PULL DATE ON 11/12/2003 AT 0700A (AV01) | CHW |
| 09182003 | 1623 | ATTY | LISTED AS ATTORNEY FOR D001: PRYOR WM HOLCOMBE JR | CHW |
| 09182003 | 1623 | ATTY | LISTED AS ATTORNEY FOR D001: GARRETT BILLINGTON M | CHW |
| 09192003 | 0202 | TRAK | TRACK NOTICE MAILED | CHW |
| 10212003 | 1436 | ATTY | LISTED AS ATTORNEY FOR D001: GAINES RALPH D III | CHW |
| 10212003 | 1436 | ATTY | LISTED AS ATTORNEY FOR D001: MOAK ANDREW JOSEPH | CHW |
| 10212003 | 1437 | ATTY | LISTED AS ATTORNEY FOR D002: GAINES RALPH D III | CHW |
| 10212003 | 1437 | ATTY | LISTED AS ATTORNEY FOR D002: MOAK ANDREW JOSEPH | CHW |
| 10212003 | 1439 | SORD | SERVICE ORDER SENT TO D001 | CHW |
| 12302003 | 1057 | TRAN | TRANSMITTAL NOTICE SENT TO ALL ATTORNEYS | CHW |
| 01212004 | 1332 | TRAN | TRANSMITTAL NOTICE SENT TO ALL ATTORNEYS | CHW |
| 01212004 | 1341 | ATTY | LISTED AS ATTORNEY FOR D001: GAINES RALPH D III | CHW |
| 01212004 | 1341 | ATTY | LISTED AS ATTORNEY FOR D001: MOAK ANDREW JOSEPH | CHW |
| 01212004 | 1341 | ATTY | LISTED AS ATTORNEY FOR D001: PRYOR WM HOLCOMBE JR | CHW |

Case 4:04-cv-00598-RBP   Document 34   Filed 07/20/05   Page 15 of 21

| | | | | |
|---|---|---|---|---|
| 01212004 | 1341 | ATTY | LISTED AS ATTORNEY FOR D001: GARRETT BILLINGTON M | CHW |
| 01212004 | 1342 | ATTY | LISTED AS ATTORNEY FOR D002: GAINES RALPH D III | CHW |
| 01212004 | 1342 | ATTY | LISTED AS ATTORNEY FOR D002: MOAK ANDREW JOSEPH | CHW |
| 05102004 | 1339 | TRAN | TRANSMITTAL NOTICE SENT TO ALL ATTORNEYS | CHW |
| 05102004 | 1339 | DAT1 | SET FOR: PRETRIAL CONFERENCE ON 05/27/2004 AT 011 | CHW |
| 05142004 | 0210 | DOCK | NOTICE SENT: 05/14/2004 DAVIS WILLIAM D III | CHW |
| 05142004 | 0210 | DOCK | NOTICE SENT: 05/14/2004 GAINES RALPH D III | CHW |
| 05142004 | 0210 | DOCK | NOTICE SENT: 05/14/2004 MOAK ANDREW JOSEPH | CHW |
| 05142004 | 0210 | DOCK | NOTICE SENT: 05/14/2004 PRYOR WM HOLCOMBE JR | CHW |
| 05142004 | 0210 | DOCK | NOTICE SENT: 05/14/2004 GARRETT BILLINGTON M | CHW |
| 06042004 | 1140 | DAT1 | SET FOR: PRETRIAL CONFERENCE ON 07/08/2004 AT 011 | CHW |
| 06042004 | 1141 | TRAN | TRANSMITTAL NOTICE SENT TO ALL ATTORNEYS | CHW |
| 06182004 | 0203 | DOCK | NOTICE SENT: 06/18/2004 DAVIS WILLIAM D III | CHW |
| 06182004 | 0203 | DOCK | NOTICE SENT: 06/18/2004 GAINES RALPH D III | CHW |
| 06182004 | 0203 | DOCK | NOTICE SENT: 06/18/2004 MOAK ANDREW JOSEPH | CHW |
| 06182004 | 0203 | DOCK | NOTICE SENT: 06/18/2004 PRYOR WM HOLCOMBE JR | CHW |
| 06182004 | 0203 | DOCK | NOTICE SENT: 06/18/2004 GARRETT BILLINGTON M | CHW |
| 07142004 | 1409 | DAT2 | SET FOR: PULL DATE ON 10/13/2004 AT 0700A (AV01) | CHW |
| 11092004 | 0939 | DAT2 | SET FOR: PULL DATE ON 01/12/2005 AT 0700A (AV01) | CHW |
| 02072005 | 1632 | DAT2 | SET FOR: PULL DATE ON 03/02/2005 AT 0700A (AV01) | CHW |
| 02072005 | 1633 | STAT | CASE ASSIGNED STATUS OF: MEDIATIO (AV25) | CHW |
| 02072005 | 1633 | MEDT | MEDIATOR ASSIGNED: FRENCH ROBERT B JR (AV25) | CHW |
| 02072005 | 1633 | MEDT | MEDIATION DATE SET TO: 02/02/2005 (AV25) | CHW |
| 02072005 | 1633 | MEDI | MEDIATION INITIATED BY: JUDGE (AV25) | CHW |
| 02072005 | 1633 | TRAN | TRANSMITTAL NOTICE SENT TO ALL ATTORNEYS | CHW |
| 03112005 | 0952 | DAT2 | SET FOR: PULL DATE ON 07/13/2005 AT 0700A (AV01) | CHW |



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

NATIONWIDE MUTUAL FIRE          )
INSURANCE COMPANY               )
                                )
        Plaintiff,              )
                                )
vs.                             )   Civil Action No.: 04-PT-0598-M
                                )
GYP McKEE, MARY LOU McKEE and   )
ROBERT BRIAN COLVIN,            )
                                )
        Defendants.             )

*De Fendants
Say agree -
DProper
91 5/11*

## STATEMENT OF AGREED FACTS

In compliance with the Court request at the Hearing held on Friday, July 15, 2005, please

let the following serve as the parties Statement of Agreed Facts:

1.  In 1997, the McKees purchased a Nationwide policy of insurance on their home

from Randy Jones.

2.  The policy sold to the McKees was prepared by Nationwide.

3.  The policy provides that in case of a loss, the insured must do the following:

SECTION II - CONDITIONS

2.  Limits of liability...
3.  Severability of Insurance...
4.  Duties after Loss. In case of an accident or occurrence, the
    insured will perform the following duties that apply. You
    will cooperate with us in seeing that these duties are
    performed:
    a.  Give notice to us or our agent as soon as practicable
        setting forth:
        (1) identity of the policy and insured.
        (2) the time, place, and facts of the accident or
        occurrence.
        (3) names and addressed of the claimants and
        witnesses.

**PDF Complete**

Click Here & Upgrade
Expanded Features
Unlimited Pages

b.  Forward to us every document relating to the accident or occurrence.

c.  At our request, assist in:
(1) making settlement.
(2) enforcing a right of contribution or indemnity against a person or
entity who may be liable to an insured.
(3) conducting suits, and attending hearings and trials.
(4) giving evidence and asking witnesses to attend.

d.  Under the coverage – Damage to Property of Others – submit to us, within 60 days after the loss, a sworn proof of loss and exhibit the damaged property, if which the insured's control.

e.  The insured shall not, except at the insured's own cost, voluntarily make a payment, assume an obligation, or incur an expense other than for first aid to others at the time of the bodily injury.

f.  Under the coverage – Accident Death Benefits:
(1) you agree to authorize us to receive medical reports and copies of supporting records.
(2) we have the right and opportunity to make an autopsy where not forbidden by law.
(3) coverage ends on its nearest anniversary date to an insured reading his 65th birthday.

4.  The policy defines "occurrence" as "bodily injury or property damages resulting from an accident, including continuous or repeated exposure to the same general condition."

5.  On or about October 18, 2000, Robert Brian Colvin was injured at the residence of Nationwide insured, Mary Lou McKee. Mr. Colvin is the nephew of Mary Lou McKee and her husband, Gyp McKee.

6.  In the process of moving a self at the McKees' residence, Mr. Colvin injured his hand.

7.  At this time, the McKees' homeowners insurance was with Nationwide Mutual Fire Insurance Company.

2

**PDF Complete**

Click Here to Upgrade
Expanded Features
Unlimited Pages

8.    On October 19, 2000, the McKees gave notice of the incident to Nationwide Mutual Fire Insurance Company by calling their agent, Randy Jones, and reported the same.

9.    The claim was assigned to Nationwide adjuster Melissa Wilson, who met with Mr. Colvin on October 26, 2000, and five days later, on October 31, 2000, met with the McKees at their residence.

10.   On November 7, 2000, Ms. Wilson contacted Gyp McKee and informed him that she had found no liability or negligence on the part of the McKees.

11.   During this conversation, Ms. Wilson informed Gyp McKee that Mr. Colvin's claim was going to be denied because there appeared to be no liability on the part of the McKees, but that there was $1,000.00 available in medical payments. The $1,000.00 in medical payments was paid to Mr. Colvin in two payments, one on December 5, 2000 and the second on January 17, 2001.

12.   In February 2001, Nationwide reassigned the claim from Ms. Wilson to Dale Turner.

13.   March 30, 2001, Mr. Turner called and left a message on the answering machine for Mary Lou McKee.

14.   March 30, 2001, Mr. Turner called the plaintiff's (Mr. Colvin's) attorney and spoke to the secretary to see if plaintiff (Mr. Colvin) was still pursuing a claim.

15.   April 20, 2001, Mr. Turner spoke with Mrs. McKee by telephone.

16.   May 3, 2001, Mr. Turner called the McKees and leaves a message.

17.   May 3, 2001, Mr. Turner has a conversation with the legal assistant in Mr. Colvin's attorney's office.

3

18. June 20, 2001, Mr. Turner verifies that Mr. Colvin's attorney was pursuing the claim.

19. July 24, 2001, a recorded interview of the McKees is taken.

20. September 19, 2001, through a series of calls, Mr. Turner again confirmed representations of Mr. Colvin.

21. December 19, 2001, a settlement conference is had in Huntsville, Alabama. The case did not settle. Nationwide is informed that if case did not settle, Mr. Colvin would be filing suit. Colvin never provided Nationwide with a copy of the lawsuit. The McKees did not provide any notice of the lawsuit until nine months after they had been served and after they had filed answers to discovery.

22. At around this same time, a settlement/demand package from Mr. Colvin's attorney is received by Nationwide. This package does not contain a Summons and Complaint.

23. On October 15, 2002, Mr. Colvin filed suit against the McKees. This underlying lawsuit was filed in Marshall County, Albertville Division, Alabama and was styled *"Robert Brian Colvin v. Gyp McKee and Mary Lou McKee, et al."* and assigned Civil Action CV-02-200206.

24. On or about October 18, 2002, Gypsy ("Gyp") McKee was served with a copy of a Summons and Complaint for the underlying lawsuit filed by Mr. Colvin for personal injuries suffered in connection with the incident at the McKees' home. Mary Lou McKee was served with a copy of the Summons and Complaint on October 21, 2002.

25. On January 23, 2003, an Answer Notice was sent to the McKees by the Court for failure to answer Mr. Colvin's lawsuit.

26. The McKees never told Nationwide about the lawsuit. The McKees never told Nationwide that they had been served with a lawsuit. Nine months after being sued\ and served

4

PDF Complete

Click Here to Upgrade
Expanded Features
Unlimited Pages

with the Complaint, the McKees contacted Nationwide to advise that they were receiving letters from Mr. Colvin's attorney. The McKees never provided Nationwide with a copy of the Answer Notice.

27.    Although the McKees were required to provide Nationwide with a copy of "every document relating to the accident or occurrence" under their Nationwide Homeowners Policy, Nationwide was never provided any notice of suit being filed against the McKees or the Answer Notice until nine months later.

28.    In fact, on July 7, 2003, Mr. Turner received a telephone call from Gyp McKee advising Nationwide that he was receiving letters from Mr. Colvin's attorney.

29.    This was the first contact Nationwide had had from the McKees on the claim since December 19, 2001.

30.    In that conversation, Mr. McKee, when asked by Nationwide, specifically denied having received any lawsuit papers.

31.    On July 8, 2003, Mr. Turner also spoke with Mrs. McKee and she advised that she, with assistance from Gyp McKee, had received a questionnaire from Mr. Colvin's attorney, completed it and mailed it back to his attorney.

32.    On July 11, 2003, Mr. Turner received the "Questionnaire" that Mrs. McKee stated she had signed and saw that she had responded to Interrogatories.

33.    Nationwide did not learn of the lawsuit until July 7, 2003, approximately nine months after service had been perfected on the McKees, and after the McKees had responded to discovery.

34.    A reservation of rights letter dated July 21, 2003, was sent to the McKees.

5

PDF Complete

Click Here & Upgrade
Expanded Features
Unlimited Pages

35.     Thereafter, Nationwide tendered a defense under a reservation of rights to the McKees and simultaneously began their coverage investigation.  Pursuant to the reservation of rights letter, Nationwide provided counsel to the McKees and presently that underlying litigation is still pending.

36.     Eight months later, Nationwide filed this declaratory judgment action.

37.     At no time was a default taken against the McKees.

Respectfully submitted,


s/Kori L. Clement
Kori L. Clement (CLEMK5125)
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama 35203
Telephone: (205) 322-3040
Facsimile: (205) 322-5577
E-mail: hc@harelaw.com
[CLEMK5125]


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon counsel of record by placing a copy of same in the United States Mail, properly addressed and postage affixed, this the 18th day of July, 2005, as follows:

James L. O'Kelley, Esquire
300 Park Place Tower
Birmingham, Alabama 35203

William D. Davis, III, Esquire
Davis & Associates, P.C.
2213 Morris Avenue, Suite 200
Birmingham, Alabama 35203


s/Kori L. Clement


6